UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-048ML |
| | ) | |
| JAMES MANNING | ) | |

MOTION FOR ADJUSTMENT FOR LESSER ROLE IN THE OFFENSE

Now comes James Manning, the Defendant in the above captioned matter, and moves this Honorable Court pursuant to § 3B1.2 of the United States Sentencing Guidelines to adjust the suggested advisory guideline range in the presentence report downward based on his limited role in the admitted offense. Mr. Manning submits the attached memorandum in support of this motion.

Respectfully submitted
James Manning
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Peter Nerohna, Assistant United States Attorney, on July 13, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-048ML |
| | ) | |
| JAMES MANNING | ) | |

---

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR ADJUSTMENT FOR LESSER ROLE IN THE OFFENSE

I. Facts

Mr. Manning pled guilty to traveling in interstate commerce to facilitate a crime. That crime was an attempted extortion plot devised by noted organized crime boss Anthony St. Laurent (CR 06-048-01S). As described in the prosecution version, PSR ¶ 12, Mr. St. Laurent enlisted Ricky Silva, Larry Crites, and a cooperating witness, to go from RI to MA in order to confront two men whom Mr. St. Laurent claimed owed him money from illegal gambling activities. Essentially, the trio were to find the men, remind them of the debt owed, and collect that debt by using force or the threat of force. Mr. St. Laurent enlisted Mr. Manning's assistance because he knew Mr. Crites and could lead Mr. Silva and the CW to MA to introduce them to each other. Mr. Manning had no other duties in the scheme and there is no evidence that he would profit from this endeavor. While Mr. Manning can be heard making side comments about the intended confrontation on the audio tapes, he had no supervisory role in this matter whatsoever. Mr. St. Laurent asked him to make these introductions as a favor. Ultimately, after Mr. Manning made the introductions in MA and then went home, Messrs.. Silva and Crites, with the CW, were unable to find the intended victims.

II. Argument

A defendant is entitled to an adjustment down from his advisory guideline range when his role in the offense is minor or minimal in nature. U.S.S.G. § 3B1.2. The defendant must satisfy two

elements to qualify for this reduction: First, this defendant must be less culpable than most of the individuals involved; and, Second, this defendant must be less culpable than most individuals involved in similar crimes. *United States v. Mateo-Espejo*, 426 F.3d 508, 512 (1st Cir. 2005). The degree of departure is fact based and turns on the level of knowledge and participation of the individual. *See* U.S.S.G. § 3B1.2, App. nts. 4 & 5.

The facts here clearly show Mr. Manning to be a minor player in this scheme. First, Mr. St. Laurent devised, directed, and at all times was in charge of this attempted extortion. The government targeted Mr. St. Laurent, surveilled Mr. St. Laurent, and placed a CW with a recording device in this operation. Once the government obtained the evidence from this incident they arrested and charged Mr. St. Laurent. That arrest took place in April, 2006, shortly after the attempted extortion. Mr. St. Laurent prosecution ended when he received a 56 month prison sentence in January, 2007. Only after that prosecution had been completed did the government then proceed against Mr. Manning. This fact supports the conclusion that the government was far less concerned with Mr. Manning's criminality. Second, Mr. Manning's part in this play was relegated to a supporting role. Not only was he not in charge, like St. Laurent, he was also not carrying out the actual crime. That function was left to Silva, Crites and the CW. His role was as a facilitator, not a leader or an actor.

The guidelines request a showing that the defendant has less than average culpability in the crime, and less than average culpability in similar crimes. While this type of scheme is not a very common offense in the District of Rhode Island, an analogy can be drawn from more common drug trafficking schemes. Typically, a drug trafficking conspiracy will involve a leader (a major trafficker), lower level dealers, mules, and persons providing support by way of storage facilities, etc. Here, Mr. St. Laurent is the leader. Mr. Silva and Mr. Crites can be equated to the dealers because they were participants actually tasked to carry out the crime, like the dealers actually performing the trafficking. Mr. Manning, however, falls to the next rung. He was tasked to provide an introduction to facilitate the crime. As such his culpability tracks that of the least culpable in a trafficking conspiracy. That culpability is clearly below the average.

III. Conclusion

For all of these reasons Mr. Manning qualifies under U.S.S.G. § 3B1.2 for a downward adjustment for his minor role in this incident. The Court should grant this motion and lower his advisory guideline range accordingly.

Respectfully submitted
James Manning
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Peter Nerohna, Assistant United States Attorney, on July 13, 2007.

/s/ Kevin J. Fitzgerald