UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-048ML |
| | ) | |
| JAMES MANNING | ) | |

---

## MOTION FOR SENTENCE CONSIDERATION

Now comes James Manning, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a), and below the suggested advisory guideline range. After considering all the appropriate information present in this case, the Court should conclude that the advisory guidelines call for a sentence longer than necessary. Mr. Manning requests the Court impose a sentence of 3 years probation with appropriate conditions. Under the unique circumstances presented here, this sentence will be sufficient to satisfy the purposes of sentencing.

Respectfully submitted
James Manning
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was filed electronically with notification to Peter Neronha, Assistant United States Attorney and Kristin Mattias, USPO, on July 27, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-048ML |
| | ) | |
| JAMES MANNING | ) | |

REDACTED MEMORANDUM IN SUPPORT OF SENTENCING

## I. Introduction

Mr. Manning respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Manning submits this memorandum in support of his Motion for Sentencing Consideration advocating for a sentence below the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id*. Mr. Manning requests the Court to impose a sentence of probation; a sufficient sentence to adequately addresses society's needs of punishment and deterrence under these circumstances without being longer than necessary.

## II. Factual and Procedural Background

On April 6, 2006, reputed organized crime boss Anthony St. Laurent called Ricky Silva, a government cooperating witness (CW), and James Manning to his home to discuss a plan for extorting two bookmakers in nearby Massachusetts. Mr. St. Laurent instructed Mr. Manning to take Silva and the CW to MA and introduce them to Larry Crites. Silva, the CW, and Crites would then go on to confront and threaten the two targets without Manning.

Manning, Silva and the CW left St. Laurent's house in Johnston, RI, and went to MA. Silva and the CW followed Manning in Silva's car. Manning eventually led them to Crites and introduced them. Manning then went home. Silva, the CW, and Crites then attempted to find their targets.

They were unsuccessful and eventually abandoned the effort.

The government filed a complaint against St. Laurent on April 6, 2006, obtained an indictment (CR 06-0048S) on April 12, 2006, and arrested St. Laurent for this incident on April 13, 2006. Mr. St. Laurent pled guilty to conspiracy to commit extortion in July, 2006. District Judge Smith sentenced Mr. St. Laurent on January 12, 2007, to 56 months incarceration on this charge, and to a 24 month concurrent sentence for violating his conditions of supervised release in case number CR 99-0031T.

On January 3, 2007, the government filed a complaint against Mr. Manning for his part in this incident. He appeared before the Court on January 4, 2007, for his initial appearance and was released on bail with the condition of home confinement. Mr. Manning waived his right to a grand jury and pled guilty to the one count information herein on April 19, 2007. Sentencing is scheduled for August 3, 2007.

## III. Sentencing Considerations

The Court takes guidance in sentencing from 18 U.S.C. § 3553(a). The statute instructs the district court to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in subsection (a)(2).[1] The district judge must also assess, analyze and consider the particular facts of the present offense and the unique characteristics of the defendant before the court. 18 U.S.C. § 3553(a)(1). The judge then uses that individual information to determine an appropriate sentence.

Under the statute, the Court must also consider more general information including the types of sentences available and the advisory guideline range. 18 U.S.C. § 3553(a)(4) & (5). Congress tasked the Sentencing Commission to develop guidelines for "categories of offenses" and "categories of defendants," (28 U.S.C. § 994(c) & (d)), in a manner consistent with 18 U.S.C. § 3553(a)(2). 28 U.S.C. § 991(b)(1)(A). The Commission was not instructed, however, to weigh individual characteristics or effectuate the parsimony principle into the guidelines.

The First Circuit has held that the advisory guideline range in an individual case is not just

---

[1] The statute requires the sentence to reflect the basic aims of sentencing, including just punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2).

a mere factor in the § 3553(a) list. *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006); *see also United States v. Thurston*, 456 F.3d 211, 215 (1st Cir. 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Court reasoned the guidelines should carry more weight than the other considerations because they "represent the only integration of the multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 456 F.3d at 215 (quoting *Smith* 445 F.3d at 4). Despite the declaration of heightened importance, the guidelines still reflect generalizations in sentencing. *Jimenez-Beltre*, 440 F.3d at 518. While this standard prevailed after *United States v. Booker*[2], the decision in *Rita v. United States*[3] clearly shows that the heightened importance method is unconstitutional.

The United States Supreme Court sought to clarify post-*Booker* sentencing in *Rita*. It held that a district court could not apply a presumption of reasonableness to suggested advisory guideline ranges. *Rita*, 2007 U.S. LEXIS 8269, **16-17. The Court reserved a non-binding rebuttable presumption on appellate review reasoning that if the Commission and the sentencing court arrived at the same sentencing range independently then that decision should be accorded some deference. *Id*. at **16-19. That holding conflicts with First Circuit practice, and local practice here in the District of Rhode Island, because *Jimenez-Beltre*, *Smith*, and *Thurston* value the advisory guideline more than the sentencing court's own assessment under § 3553(a).

The basis for the heightened importance standard is flawed. The Commission aspired to integrate the factors of § 3553(a) into the guidelines, but the statute, 28 U.S.C. § 991(b)(1)(A), only obligates them to incorporate the purposes for sentencing under § 3553(a)(2). Further, the guidelines simply cannot incorporate the parsimony principle, the unique character of the defendant, or the unique facts of the offense into the guidelines. The Commission studied pre-guidelines sentencing practices in an effort to place a sentencing value on certain crimes, and mitigating or aggravating circumstances. U.S.S.G. § 1A1.1 (Part A, 3). Today, however, the resulting guidelines rarely reflect past practices. For example, the guidelines did not account for the blanket increase in time of incarceration due to the abolition of parole. The entire controlled substance guideline framework

---

[2] 543 U.S. 220 (2005).

[3] 551 U.S. ___, 2007 U.S. LEXIS 8269 (2007).

in U.S.S.G. § 2D1.2 merely parrots the mandatory minimum sentences in the 1986 Anti-Drug Abuse Act (now 21 U.S.C. § 841). The career offender enhancement is entirely a creation of the Commission which does not have a past on which to rely.[4] As for the Commission's imprimatur on sentencing as the expert body, its complete repudiation of the crack cocaine guidelines has not resulted in change, which therefore indicates its minimal power. Lastly, the Commission is tasked to continue studying sentencing and adjust the guidelines as necessary. *See* 28 U.S.C. § 994(o); U.S.S.G. § 1A1.1. Those adjustments have resulted in over 600 amendments since 1987, with only a handful resulting in lesser guideline ranges. Under these circumstances, holding the advisory guidelines in higher regard than the other considerations undermines the sentencing process.

The sentencing judge is in the best position to accurately and efficiently determine the appropriate sentence in an individual case. Congress has charged the district court with that duty. 18 U.S.C. § 3553(a). Only the judge can assess the character and background of an individual. Only the judge can enforce the parsimony directive. Only the judge can look the defendant in the eye at sentencing. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). While the advisory guidelines continue to be part of the sentencing process, they cannot occupy the preeminent position due to their deficiencies. This Court must determine the appropriate sentence, one that is sufficient but not greater than necessary, by incorporating all of the considerations under § 3553.

## IV. The Minimally-Sufficient Sentence

The parsimony provision imposes a statutory cap on sentences; the sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a). Mr. Manning requests that the Court impose a probationary sentence. The proposed sentence strives to achieve the goals of sentencing by punishing Mr. Manning relative to his culpability while also addressing his serious

---

[4] Congress directed the Commission to sentence certain career offenders to incarceration at or near the maximum penalty as part of the creation of the guidelines. 28 U.S.C. § 994(h). As a creature of the guidelines, the Commission could not incorporate past practice.

medical needs.

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. In this instance the advisory guideline range is 24 to 30 months in prison. That suggested sentence does not include any consideration of Mr. Manning individually as required by § 3553(a)(1) (individual's unique background and characteristics), nor the unique facts of this case and his culpability. The Court must consider all individual aspects concerning Mr. Manning and his background when determining the appropriate sentence. 18 U.S.C. § 3553(a)(1). *See also*, *Rita*, 2007 U.S. LEXIS 8269, **24. The Court must also consider the other factors in § 3553(a), including the guidelines, but the guidelines cannot be the sole basis for a particular sentence. *See Rita*, 2007 U.S. LEXIS 8269, **23-25. The facts and circumstances present here, taken as a whole, warrant a sentence significantly below the advisory range.

V. Conclusion

Mr. Manning has taken responsibility for his part in this extortion scheme. He is deeply ashamed of himself. Given his age and medical condition he is not a good candidate for incarceration. Based on his lesser role, his true character, and his lack of dangerousness or risk of reoffending, He does not deserve a prison sentence. Mr. Manning asks the Court to impose a probationary sentence. Such a sentence is appropriate under the circumstances and support the purposes of sentencing in a manner that the advisory guidelines cannot.

Respectfully submitted
James Manning
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this memorandum was filed electronically with notification to Peter Neronha, Assistant United States Attorney and Kristin Mattias, USPO, on July 27, 2007.

/s/ Kevin J. Fitzgerald