**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR No. 07-48ML** |
| | : | |
| | : | |
| **JAMES MANNING** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR DOWNWARD DEPARTURE**

The United States opposes the defendant's "Motion for Adjustment for Downward Departure", for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

Dated: July 30, 2007

## Certificate of Service

I hereby certify that on the 30th day of July, 2007, I caused a copy of the within "Government's Opposition To Defendant's Motion For Downward Departure" to be served by way of the Electronic Case Filing System upon Kevin J. Fitzgerald, Assistant Federal Defender and counsel for the defendant.

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR No. 07-48ML** |
| | : | |
| | : | |
| **JAMES MANNING** | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

The defendant contends that he is entitled to a downward departure pursuant to United States Sentencing Guideline Sections 5H1.1 and 5H1.4, because of his "age and infirmity." The difficulty for the defendant, however, is that his "age and infirmity" are not so exceptional or extraordinary that they warrant a departure under the Guidelines.

Guideline Section 5H1.1 provides that "[a]ge . . . is not ordinarily relevant in determining whether a departure is warranted." USSG §5H1.1 (emphasis added). Similarly, Guideline Section 5H1.4 provides that "[p]hysical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted." USSG §5H1.4 (emphasis added). As factors that are "not ordinarily relevant," age and physical condition are "discouraged factor[s]." United States v. Koon, 518 U.S. 81, 95 (1996). Discouraged factors, while not

"necessarily inappropriate" bases for departure, should be relied on "only in exceptional cases." Id. (quoting 1995 U.S.S.G. ch. 5, pt. H, intro comment) (emphasis added). Indeed, "if the special factor is a discouraged factor . . . the court should depart only if the factor is present to an *exceptional* degree or in some other way makes the case different from the ordinary case where the factor is present." Id. at 96 (emphasis added). Section 5H1.4 confirms that "an extraordinary physical impairment may be reason to depart." USSG §5H1.4 (emphasis added).

Here, there is nothing about the defendant's age or his physical condition that is so exceptional or extraordinary that a downward departure is warranted. The defendant is only 64 years old; that is hardly an advanced age. While he does appear to have several medical conditions, all appear capable of being treated and/or controlled with proper medical care, something the Bureau of Prisons can surely provide. Furthermore, nothing about the defendant's age or physical condition prevented him from actively participating with Anthony St. Laurent, Ricky Silva and Larry Crites in a scheme to extort money from two Massachusetts men. As detailed by the government in other filings with this Court, the defendant, his purported health problems notwithstanding, was able in April of 2006 to lead Silva from Rhode Island to Massachusetts, and once there locate Crites and

introduce him to Silva. Nothing about his age or medical condition prevented him from participating in the planning of the scheme, or providing advice and encouragement along the way. And nothing in the medical information submitted by the defendant indicates that the defendant's condition is any worse today than it was in April of 2006, apart from some weight gain.

In short, there is nothing extraordinary or exceptional about the defendant's age or medical condition. A downward departure on that basis is unwarranted, and the defendant's motion should therefore be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

Dated: July 30, 2007

**Certificate of Service**

I hereby certify that on the 30th day of July, 2007, I caused a copy of the within "Government's Memorandum In Opposition To Defendant's Motion For Downward Departure" to be served by way of the Electronic Case Filing System upon Kevin J. Fitzgerald, Assistant Federal Defender and counsel for the defendant.

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov